**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**GARETH S. GELINAS, JEFFREY T. GELINAS, FRED POST, BARBARA D. POST, and JAMES W. JACKSON,**

**Plaintiffs,**

-vs-                                                                 Case No. 6:03-cv-249-Orl-31JGG

**ACCELERATED BENEFITS CORPORATION, and AMERICAN TITLE COMPANY OF ORLANDO,**

**Defendants.**
_____/

# ORDER

This matter comes before the Court on the Plaintiffs' Motion to Vacate (Doc. 197) two Attorney's Fee Judgements the Court entered on September 17 and October 1, 2004 (Docs. 159 and 167, respectively) (the "Attorney's Fee Judgments"). The Plaintiffs bring this Motion under Federal Rule of Civil Procedure 60(b), and argue that these Judgments should be vacated on the grounds of perjury and the failure to disclose certain documents.

A review of the Plaintiffs' assertions reveals that the Order the Plaintiffs truly seek to challenge, however, is not the Attorney's Fee Judgments, but an Order dated May 6, 2004, (Doc. 105), in which the Court entered summary judgment in favor of American Title Company of Orlando ("ATCO"). (*See* Doc. 198 at 4-5, 7, 17 ("As a result, ATCO would not have prevailed in the *original proceedings*, and would not be entitled to recovery of its attorney's fees. There is a strong likelihood that truthful testimony, and production of documents responsive to Plaintiffs'

discovery would have substantially changed *original* (sic) *outcome* of the case as to Defendant, ATCO.") (emphasis supplied)).

Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") provides that the Court may relieve a party from a final judgment or order for, *inter alia*, "(3) fraud . . . , misrepresentation, or other misconduct of an adverse party;" or "(6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). Rule 60(b) also requires that a motion for relief on grounds of fraud under subsection (3) must be brought within one year of the time the judgment or order was entered. *Id.*; *see also Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1337 (5th Cir. 1978).[1]

The Plaintiffs filed their Motion on September 14, 2005, seeking relief under Rule 60(b) subsection (3), on grounds of fraud, and subsection (6), on grounds of fraud on the court. (Doc. 197 at 1; Doc. 198 at 14, 19). Because the Plaintiffs' Rule 60(b)(3) argument was raised more than one year after the entry of the Order entering summary judgment that the Plaintiffs are, in reality, seeking to challenge, their motion is barred as untimely. *See Smith v. Sentry Ins.*, 752 F. Supp. 1058, 1062 (N.D. Ga. 1990) (denying motion brought under Rule 60(b)(3) to vacate summary judgment where motion filed more than one year after entry of challenged summary judgment); *see also S.E.C. v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir. 1988); *In re Met-L-Wood Corp.*, 861 F.2d 1012, 1018 (7th Cir. 1988).

Motions brought under subsection (6) of Rule 60(b), such as those asserting fraud on the court, are not subject to the one-year limitation; rather, they are governed by a "reasonableness" standard. *Harduvel v. Gen. Dynamics Corp.*, 801 F. Supp. 597, 602 (M.D. Fla. 1992). However,

---

[1] All decisions of the Fifth Circuit issued prior to October 1, 1981, are binding precedent on courts within the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

the grounds of "fraud on the court," under which the Plaintiffs seek relief, are to be construed narrowly, and are to be "confined to the most egregious cases," *Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1356 (4th Cir. 1982), such those involving "an unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Rozier*, 573 F.2d at 1338 (internal citation and quotation omitted); *see also Kerwit Med. Prods., Inc. v. N. & H. Instruments, Inc.*, 616 F.2d 833, 836-37 (5th Cir. 1980) ("Only a small number of those acts that can be considered fraud amount to 'fraud upon the court' as that phrase is used in Rule 60(b)."). Further, "perjury or fabricated evidence are not grounds for relief as 'fraud on the court'." *Great Coastal Express*, 675 F.2d at 1357; *see also Travelers Indem. Co. v. Gore*, 761 F.2d 1549, 1551 (11th Cir. 1985) (perjury by defendant did not constitute fraud on the court); *Rozier*, 573 F.2d at 1338 ("fraud upon the court" under savings clause distinguishable from fraud under subsection (3)). Accordingly, the Plaintiffs' attempt to classify their allegations of misconduct as "fraud on the court" must fail. *See Williams v. Bd. of Regents of Univ. Sys. of Ga.*, 90 F.R.D. 140, 143 (M.D. Ga. 1981) (where only evidence was that party knowingly withheld material information and perjured himself at trial, and absent evidence of bribery, or that party's attorney conspired with party to fabricate evidence, or that party's attorney was employed to influence the court, such conduct did not defile the machinery of the court).

Further, where a movant's allegations "can be classified under any one of the first five clauses [of Rule 60(b)], the court must decline to consider the sixth clause, regardless of its failure to grant relief under another clause." *Harduvel*, 801 F. Supp. at 613; *see also PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 898 (2nd Cir. 1983) (subsection (6) is umbrella clause that applies only

when more specific clauses do not).  In this case, the Plaintiffs' allegations of wrongdoing clearly fall within subsection (3), which the Court has already considered.  *Harduvel*, 801 F. Supp. at 613 ("Ordinarily, clause (3) is invoked where material information has been withheld or incorrect or perjured evidence has been intentionally supplied.") (internal citation and quotation omitted). Therefore, for both of these reasons, the Plaintiffs' attempts to seek relief under subsection (6) of Rule 60(b) necessarily fail.  *See Id*.

For the reasons stated herein, the Plaintiffs cannot prevail in their efforts to overturn this Court's previous Order.  Accordingly, it is

**ORDERED THAT** the Plaintiffs' Motion to Vacate (Doc. 197) is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 18, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party